## WHITLOCK *vs.* GAINS.

When the verdict is equitable and there is evidence to support it, it will not be set aside, for an error in the charge, unless there is a motion for a new trial with that error as a ground of the motion.

Complaint from DeKalb county.  Tried before Judge BULL, at October Term, 1858.

Thomas O. Gains brought suit in the form of complaint, under the act of 1847, against Charles Whitlock, on an account as follows:

Charles Whitlock,

To Thomas O. Gains,                Dr.

1856.

To personal service and  labor......................$110 00
"  six months board at $8 00 per month.........  48 00

---

$158 00

Plaintiff introduced as a witness Seaborn Cochran, who testified that he was present and heard the contract between plaintiff and defendant.  Gains was to work twelve months for defendant for one hundred and ten dollars, and make up all lost time, and Whitlock was to furnish Gains with tobacco.  Gains commenced work in January, 1856, and quit in July following—did not know why he quit.

Levi Chewing testified that he saw plaintiff at work

for defendant from January until July—his services were worth ten dol'ars per month—Whitlock requested plaintiff to quit sometime in April or May.

Defendant proved by B. F. Shumate, that in July he heard defendant request plaintiff not to leave and insisted on his remaining and going to work. Plaintiff said he would go, and did leave in a few days. This was in July —don't know why plaintiff quit.

Defendant also offered and read in evidence a note which he held on plaintiff for $16 50, which he had pleaded as a set-off.

The court charged the jury that when parties make a contract they are bound by it. That in this case, if the contract was that Gains was to work twelve months, and left of his own accord before the time expired, without Whitlock's consent, he could not recover. If Whitlock turned him off, then he could recover the whole amount agreed to be paid; or if the parties mutually agree to abandon the contract, then plaintiff could recover for the time he worked, and the law presumed that the parties mutually agreed to abandon the contract, in the absence of proof to the contrary.

To which charge counsel for defendant excepted.

The jury found for the plaintiff forty-one dollars and thirty-nine cents, and counsel for defendant assigns as error the charge above excepted.

THOS. J. W. HILL, for plaintiff in error.

DIAMOND, contra.

By the Court.—BENNING, J., delivering the opinion.

The part of the charge excepted to was this : " And the law presumed that the parties mutually agreed to abandon the contract, in the absence of proof to the contrary."

We are not prepared to affirm this part of the charge,

but, nevertheless, we think it not a sufficient matter to require the granting of a new trial. · There was sufficient evidence to support the verdict; and the verdict was equitable.    One man ought not to enjoy another man's services without paying something for them.

There was no motion for a new trial, conseqnently, we are not under the constraint of the new trial act of 1854.

Judgment affirmed.